Michael Riehl, Esq. #030881994
18591-Mk
**LAW OFFICE OF MICHAEL RIEHL, INC.**
58 West Main Street
Freehold, New Jersey 07728
(732) 462-9700
Attorney(s) for Plaintiff, High Point Insurance Company individually and a/s/o Donald Borden

| | |
|---|---|
| *Plaintiff(s),* | *SUPERIOR COURT OF NEW JERSEY* |
| HIGH POINT INSURANCE COMPANY individually and a/s/o DONALD BORDEN | *LAW DIVISION:  CAMDEN COUNTY* |
| | *DOCKET NO.* |
| *vs.* | |
| *Defendant(s),* | |
| | *Civil Action* |
| CHARM GLOW,<br>JOHN DOES 1-10 (fictitious name(s) representing individual(s) whose identity is presently unknown), and ABC CORP. 1-10 (fictitious name(s) representing corporation(s), partnership(s), limited liability company(ies), or other entit(ies) whose identity is presently unknown), | |

### *COMPLAINT & JURY DEMAND*

Plaintiff, High Point Insurance Company, individually and as subrogee of Donald Borden,

doing business at PO Box 920, Lincroft, New Jersey, by way of Complaint against the Defendant, says:

### FIRST COUNT

1.     On or about December 16, 2019, Plaintiff, High Point Insurance Company, provided

insurance benefits to its insured and subrogor, Donald Borden, under a Homeowner's insurance policy.

2.     At all relevant times hereinafter mentioned, Plaintiff's subrogor, Donald Borden, was the

owner of real and personal property located at 26 Lafayette Road, Audubon, New Jersey.

3.     Defendant, CHARM GLOW, and/or John Does 1-10 (fictitious name(s) representing

individual(s) whose identity is presently unknown), and/or ABC Corp. 1-10 (fictitious name(s)

representing corporation(s), partnership(s), limited liability company(ies), or other entit(ies) whose

identity is presently unknown), (collectively hereinafter called Defendant), is a corporation or other business entity, authorized to do business in New Jersey and elsewhere, manufactured, marketed and sold various consumer products, which included appliances.

4.    At the time and place in question, Plaintiff's insured, Donald Borden, was using an appliance that was manufactured, marketed, and sold by Defendant, which caused a fire and serious personal harm to Plaintiff's insured's home and property.

5.    The appliance was not reasonably fit, suitable, or safe for its intended purpose in that it deviated from design specifications, formulae, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same specifications, formulae, or performance standards, and/or was defectively designed, and/or failed to contain adequate warnings or instructions, all in violation of The New Jersey Products Liability Act, N.J.S.A. 2A:58C-l et seq.

6.    Defendant is liable for the harm caused to Plaintiff under the New Jersey Products Liability Act.

7.    Defendant is liable to the Plaintiff for breach of a warranty of merchantability for the intended use of the appliance in question.

8.    Defendant is liable to the Plaintiff for negligence, and the conduct of Defendant described above is a proximate cause of harm to Plaintiff.

9.    As a direct and proximate result of Defendant's liability and conduct, Plaintiff paid certain monies to its insured, pursuant to the Homeowner's policy of insurance, for damages sustained by Plaintiff's insured, Donald Borden, for which High Point Insurance Company now seeks reimbursement.

**WHEREFORE**, Plaintiff, High Point Insurance Company individually and as subrogee of Donald Borden demands judgment as against the Defendant, together with interest and costs of suit.

## SECOND COUNT

10.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though fully set forth herein.

11.     The Defendant and/or its agents, servants, and/or employees was negligent and careless in that they failed to exercise proper care in the following manner:

     a.   failing to manufacture, assembly, sell, design, transport, distribute and/or market a properly functioning product;

     b.   failing to properly inspect and/or test the product and or its components parts;

     c.   failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

     d.   failing to provide safe and adequate warnings or instructions with the product and/or designing, manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

12.     The Defendant's aforesaid conduct, action and/or inaction constituted a Breach of Express and Implied Warranties and Breach of Contract, which has directly and proximately damaged Plaintiff's subrogor's real and/or personal property.

13.     As a result of the fire, Plaintiff's subrogor submitted a property damage claim for damages to their insurance carrier, High Point Insurance Company, who paid the claim.  High Point Insurance Company now seeks reimbursement from Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant, together with interest and costs of suit.

## THIRD COUNT - STRICT LIABILITY

14.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though fully set forth herein.

15.    Charm Glow marketed and/or sold the appliance in an unreasonably dangerous and/or defective condition.

16.    Donald Borden was the ultimate user of the appliance and a member of the class whom Charm Glow should have expected to use the appliance.

17.    The appliance was expected to, and did, reach its users/consumers, Donald Borden, without a substantial change in the condition in which it was marketed and/or sold by Charm Glow.

18.    The fire was caused by the acts and/or omissions of Charm Glow, its agents, employees, servants, representatives and/or workers, acting in the course and scope of their employment, through which Charm Glow is strictly liable by reasoning of the following:

(a)    marketing and/or selling a defective appliance;

(b)    marketing and/or selling an appliance that posed a risk of fire;

(c)    marketing and/or selling a product that was unsafe for its intended use;

(d)    failing to market and/or sell an appliance with proper and/or appropriate safety devices to prevent fire;

(e)    failing to properly inspect and/or test the appliance to discover it was unreasonably dangerous and/or defective;

(f)    failing to discover a defect in the appliance;

(g)    marketing and/or selling a product that was not reasonably fit, suitable or safe for its intended purpose; and/or

(h)    failing to remove the appliance from the marketplace when Electrolux knew or should have known that it was unreasonably dangerous and/or defective.

19.    As a direct and proximate result of the aforementioned acts and/or omissions by Charm Glow, Donald Borden sustained damage to the property and incurred other expenses, for which

High Point Insurance Company made payments to/on behalf of its insureds and for which Defendant is strictly liable.

**WHEREFORE**, Plaintiff, High Point Insurance Company individually and as subrogee of Donald Borden demands judgment as against the Defendant, together with interest and costs of suit.

## JURY DEMAND

This Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that MICHAEL RIEHL, ESQ. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO R.4:5-1

The undersigned hereby certifies the accuracy of the following:

1.      I am an attorney-at-law of the State of New Jersey, counsel for the Plaintiff in the subject litigation.

2.      The matter in controversy in this case is not, to the best of my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any action or arbitration contemplated.

3.      I am not aware of any other parties who should be joined in this action at the present time.

4.      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF MICHAEL RIEHL, INC.

By: _____

Dated:  January 27, 2021

MICHAEL RIEHL, ESQ.
Attorneys for Plaintiff

## DEMAND FOR INSURANCE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## DEMAND FOR ANSWERS TO PROPERTY DAMAGE INTERROGATORIES

Please take notice that Plaintiffs hereby demand that the Defendants answer the enclosed Property Damage Interrogatories, within the time prescribed by the Rules of Court.

## NOTICE TO PRODUCE

Plaintiff hereby demands that the Defendants produce the following documents at the Law Office of Michael Riehl, Inc., 58 West Main Street, Freehold, New Jersey, 07728, in accordance with Rule 4:18-1, within the time limits prescribed by the Rules of Court.

1. Any and all incident reports, police reports.

2. Any and all expert reports.

3. Any and all investigation reports.

4. Any and all witness statements.

5. Any party's statement.

6. Any and all photographs you may rely upon at the time of trial.

7. Any and all videotapes of the subject matter.

8. Any and all audiotapes of the subject matter.

9. Any and all insurance policies and/or declaration page of the Defendants.

## PROPERTY DAMAGE INTERROGATORIES

1.  Identify all persons with knowledge of the relevant facts of this case. As to each person identified, set forth fully and with particularity the substance of his or her knowledge.

2.  Identify all persons whose testimony you will or may rely at the time of trial as an expert witness.

3.  With regard to those individuals identified in Interrogatory No. 2:

    a.  State full details or qualifications of each expert witness listed including, the expert's work history, education, professional expertise, and membership in professional associations;

    b.  Set forth the facts and opinions to which each expert witness listed will testify at time of trial and the complete grounds and reasons for each opinion;

    c.  Attach hereto a copy of all written reports rendered to you by any expert witness;

    d.  If you have received any oral reports from such expert witnesses, identify each expert from whom oral reports were received and state the full details and contents of such oral reports.

4.  Identify all persons who have been retained, specially employed, or consulted in anticipation of this litigation or for trial preparation and who are not expected to be called as witnesses at the time of trial.

5.  As to each person identified in Interrogatory No. 4:

    a.  Set forth the subject matter for which the person was retained, employed or consulted;

    b.  Set forth the person's field of expertise;

    c.  State in full detail the person's qualifications including, but not limited to, work history, educational background, professional expertise, and membership in professional associations;

    d.  Attach true copies of any oral or written reports, conclusions or comments that were prepared by the person which refer or relate to the subject matter of this litigation;

    e.  Set forth in detail a description of all oral reports, conclusions or comments that were prepared by the person which refer or relate to the subject matter of this litigation.

7. Do you contend that any admissions regarding the issues of this lawsuit were made by the parties?

8. If the answer to Interrogatory No. 7 is in the affirmative:

   a. Set forth the substance of each such admission;

   b. Identify the person or persons making each such admission;

   c. Identify all persons present when each admission was made;

   d. Set forth the location where and the time when each admission was made;

   e. Set forth whether the admissions were reduced to writing.

9. Do you contend that any declarations against interest were made by persons having knowledge relevant to the subject matter of the pending litigation?

10. If the answer to Interrogatory No. 9 is in the affirmative:

    a. Set forth the substance of each such declaration;

    b. Identify the person or persons making each declaration;

    c. Identify all persons present when each declaration was made; and

    d. Set forth the location where and the time when each declaration was made, and whether the declaration was reduced to writing. Is so, identify same and annex hereto a true and accurate copy.

11. Have you obtained a statement from any person, business or entity or their agents, servants, representatives, or employees that is relevant to the subject matter of this litigation.

12. If the answer to Interrogatory No. 11 is in the affirmative:

    a. Set forth the identity of the person or persons who gave the statement;

    b. Set forth the date when the statement was obtained;

    c. Set forth fully and completely the substance of all oral or recorded statements; and

    d. Set forth whether there are any written reports. If so, identify same and annex hereto a true and accurate copy.